# OFFICE OF THE FEDERAL PUBLIC DEFENDER
# NORTHERN DISTRICT OF NEW YORK

Albany Office
54 STATE STREET
STE 310
ALBANY, NY 12207
(518) 436-1850
(518) 436-1780 FAX

Syracuse Office
4 CLINTON SQUARE
3RD FLOOR
SYRACUSE, NY 13202
(315) 701-0080
(315) 701-0081 FAX

**Lisa Peebles**
**Federal Public Defender**

April 22, 2025

Honorable Anthony J. Brindisi
United States District Court
Alexander Pirnie Federal Building
10 Broad Street
Utica, NY 13501

**RE:   UNITED STATES V. YOVANI HUMBERTO MARROQUIN-RAMIREZ**
**CASE NO.: 5:25-MJ-81 (ML); 5:25-CR-174 (AJB)**

Dear Judge Brindisi:

I am writing to request that this Court waive the formal Presentence Investigation Report procedure and immediately proceed to sentencing following the Defendant's plea of guilty to Illegal Re-entry of a Previously Removed Alien, 8 U.S.C. § 1326(a). Under Rule 32(c)(1)(A)(ii) of the Federal Rules of Criminal Procedure, a Presentence Investigation Report can be waived if this Court finds that "the information in the record enables it to meaningfully exercise its sentencing authority under 18 U.S.C. § 3553, and the Court explains its finding on the record." Mr. Marroquin-Ramirez appeared before the Hon. Miroslav Lovric for an initial appearance on March 25, 2025. He ordered Mr. Marroquin-Ramirez released at the initial appearance. The government requested a stay and submitted a motion to overturn Judge Lovric's release order. The government's motion was granted. A detention hearing was held on April 21, 2025, and Mr.Marroquin-Ramirez was held in custody. A limited Pretrial Services Report is available for the Court's review. Set forth below are 18 U.S.C. § 3553(a) factors regarding the Defendant for sentencing consideration.

Mr. Marroquin-Ramirez was born in Guatemala on March 31, 1999, and is 26 years old. His family resides in Guatemala, including his 2 children and their mother. Mr. Marroquin-Ramirez is the sole supporter of his family and sends home $200 per month for their basic necessities. Additionally, he also financially supports his mother who resides in Guatemala. Mr. Marroquin-Ramirez has not been home in five years and is ready to return to his country. He only came to the United States to work and support his family. While in the United States he was always employed. He worked for Melo roofing for the past 4 years until his arrest for this offense. While in the United States his only crime was entering the United States unlawfully.

1

Border Patrol arrested Mr. Marroquin-Ramirez on March 24, 2025. He was cooperative with law enforcement freely admitting to being a Guatemalan Citizen who was illegally present in the United States.

Mr. Marroquin-Ramirez is prepared to execute a Waiver of Indictment and enter a plea of guilty to an Information charging him with Illegal Re-entry of a Previously Removed Alien, 8 U.S.C. § 1326(a). There is no plea agreement here. He was only removed once, back on June 3, 2019, when he was 17 years old. He has no criminal record. Mr. Marroquin-Ramirez's criminal history category is I and his base offense level is 8. U.S. SENTENCING GUIDELINES MANUAL (U.S.S.G.) § 2L1.2(a). Additionally, if he continues to show acceptance of responsibility for this offense, the offense level is decreased by two levels. U.S.S.G. § 3E1.1(a). He meets the criteria of U.S.S.G. § 4C1.1(a)(1)-(10) and the offense level is further adjusted down by two levels. This results in a total offense level of 4 and a guideline term of imprisonment of 0 to 6 months.

Respectfully, counsel requests the Court sentence Mr. Marroquin-Ramirez to time served. Such a sentence would be sufficient, but not greater than necessary, to comply with the punishment requirements of the Sentencing Reform Act. *See* 18 U.S.C. § 3553(a). Mr. Marroquin-Ramirez came to this country solely to provide for his family. He is ready to be deported to Guatemala and reunite with his family.

Proceeding directly to sentencing following his plea would save valuable time and resources for the U.S. Probation Department, the U.S. Marshals, and the Court, as the Court's calendar will be lessened by condensing two proceedings into one. Additionally, the Court will maintain its discretion to sentence Mr. Marroquin-Ramirez within the guideline range. Finally, Mr. Marroquin-Ramirez has been in continuous federal custody since March 24, 2025.

For the above reasons, counsel respectfully requests that this Court proceed to sentencing after taking the Defendant's plea and consider a sentence of time served. We humbly submit that such a sentence is sufficient, but not greater than necessary, to comply with the punishment requirements of the Sentencing Reform Act.

    Very truly yours,
    OFFICE OF THE FEDERAL PUBLIC DEFENDER

    *s/ Lisa A. Peebles*
    Lisa A. Peebles, Esq.
    Federal Public Defender
    Bar Roll No. 507041